IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SULLIVAN OLSON, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 14 C 2017 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| INTERNATIONAL BROTHERHOOD ) | |
| OF TEAMSTERS LOCAL 727, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| INTERNATIONAL BROTHERHOOD ) | |
| OF TEAMSTERS LOCAL 727, ) | |
| ) | |
| Counterplaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SULLIVAN OLSON, INC. and ) | |
| CREMATION SOCIETY OF ILLINOIS, ) | |
| INC., ) | |
| ) | |
| Counterdefendant and ) | |
| Third-Party Defendant. ) | |

## ORDER

Before the Court is the motion of Cremation Society of Illinois, Inc. ("Cremation Society"), for itself and as owner of Sullivan Olson, Inc., to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59. "Rule 59(e) allows the movant to bring to the district court's attention a manifest error of law or fact, or newly discovered evidence." *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000).

Cremation Society's central argument on summary judgment was that the Union impliedly waived, or is equitably estopped from asserting, the single-employer theory. The

Court stated in its opinion that Cremation Society cited no pertinent federal authority that supported its arguments. (ECF No. 45, Mem. Op. & Order at 10.) Cremation Society now argues that federal common law does not bar the use of state law for these doctrines; even under federal common law, the doctrines apply in cases like this one; and federal common law supports the application of the doctrines here. Because these are all arguments that Cremation Society could have presented before, the Court will not consider them. Rule 59 "'does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to . . . advance arguments that could and should have been presented to the district court prior to the judgment.'" *Id.* (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)).

Next, Cremation Society contends that the Court "misapplied the totality of the facts in its assessment of" Vicki Grantham's testimony. (ECF No. 47, Pl.'s Mot. Alter J. at 7-8.) The Court stated in its opinion that plaintiffs did not provide evidentiary support for their statement that when an employee of Sullivan Olson or Cremation Society performed work for the other company, the employee's time would appear on an invoice, and the company using the employee would pay the other for the employee's time. (Mem. Op. & Order at 13 n.5.) The Court noted that the charts plaintiffs cited did not look anything like invoices and contained no amounts due. Cremation Society asserts that because Grantham was "intimately knowledgeable about the financial relationship between the organization[s]," Grantham's characterization of the charts as "invoices" is sufficient and, further, establishes "the fact that each entity paid the other for their services." (Pl.'s Mot. Alter J. at 7.) Grantham's calling the charts "invoices" does not make them so, regardless of her role as comptroller. But more importantly, even if the charts could fairly be characterized as "invoices," evidence that invoices were created is not the same as evidence of payment. Cremation Society submitted no evidence of payments.

2

Cremation Society also contends that the Court gave "unjustified weight" to Douglas Klein's declaration. Cremation Society says that the Court should have viewed Klein's testimony with "ample skepticism" and considered his "propensity for concealing or ignoring the truth." (*Id.* at 8-9.) Putting to one side the fact that Cremation Society's assertion of this purported "propensity" is wholly unsupported, the Court does not weigh witnesses' credibility at the summary judgment stage. *See AutoZone, Inc. v. Strick*, 543 F.3d 923, 934 (7th Cir. 2008). When a challenge to a witness's credibility is all that a party relies on, and it has shown no independent facts to support its position, as was the case here, that is not enough to avoid summary judgment. *See Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008). Cremation Society also criticizes Klein's declaration as "self-serving," but such written statements "by their nature are self-serving," and the Seventh Circuit has "repeatedly emphasized" that "the term 'selfserving' must not be used to denigrate perfectly admissible evidence through which a party tries to present its side of the story at summary judgment.'" *Hill v. Tangherlini*, 724 F.3d 965, 967-68 (7th Cir. 2013) (citing cases). Klein's declaration was based on his personal knowledge and set forth specific unrebutted facts.

Lastly, in the event that the Court does not alter or amend the judgment, Cremation Society requests clarification "on the extent of the Court's ruling" and "the impact that Plaintiff's 2013 repudiation has on the current state of the parties' relationship." (Pl.'s Mot. Alter J. at 10.) The Court ruled that the 2013 repudiation was not lawful under the "one-man unit" rule and that Cremation Society was not relieved of its obligations to arbitrate the two grievances at issue. Those were the only issues before the Court. The parties hinted at a possible disagreement regarding their respective interpretations of the terms of the Compliance Agreement, but they did not present that issue of contract interpretation in this litigation. "[A]

court decides only the case before it, and cannot render advisory opinions disposing of other issues not presented for decision." *In re Chi., Rock Island & Pac. R.R. Co.*, 772 F.2d 299, 303 (7th Cir. 1985). Accordingly, the request for "clarification" is denied.

Cremation Society's motion to alter or amend judgment [47] is denied.

SO ORDERED.                              ENTERED:   May 2, 2016

_____
**JORGE L. ALONSO**
**United States District Judge**